## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIAZ ALI<br>2910 Passmore Street<br>Philadelphia, PA 10149<br>and<br>ZEESHAN ULLAH<br>152 Washington Avenue<br>Runnemede, NJ 08078<br>and<br>WAJID ALI<br>2910 Passmore Street<br>Philadelphia, PA 10149<br><br>       Plaintiffs,<br><br>  v.<br><br>WIRELESSPCS PA, LLC, d/b/a WPCS<br>PA, LLC<br>5239 Frankford Avenue<br>Philadelphia, PA 19124<br>and<br>ADIL ALI<br>5239 Frankford Avenue<br>Philadelphia, PA 19124<br>and<br>OMAR ABDELHAFEZ<br>5239 Frankford Avenue<br>Philadelphia, PA 19124<br>and<br>AMJAD BARAKAT<br>5239 Frankford Avenue<br>Philadelphia, PA 19124<br><br>      Defendants. | CIVIL ACTION<br><br>No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## <u>CIVIL ACTION COMPLAINT</u>

Plaintiffs, by and through their undersigned counsel, hereby avers as follows:

## I. **INTRODUCTION**

1.      This action has been initiated by Niaz Ali, Wajid Ali, and Zeeshan Ullah (hereinafter referred to collectively as "Plaintiffs," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq.*) and applicable state law(s). Plaintiffs assert herein that they were not paid wages or overtime compensation in accordance with applicable state and federal laws. As a direct consequence of Defendants' actions, Plaintiffs seeks damages as set forth herein.

## II. **JURISDICTION AND VENUE**

2.      This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. **PARTIES**

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiffs are adult individuals, with addresses as set forth in the caption.

7.      Defendant WirelessPCS Pa, LLC (hereinafter "Defendant PCS LLC") is a for-profit corporation organized under the laws of this Commonwealth and engaging in the business of cellular phone and other electronic product sales and related services.

8.      Defendant Adil Ali (hereinafter "Defendant Ali") is upon information and belief a high-level office, owner, shareholder and operations manager of Defendant PCS LLC.

9.      Defendant Omar Abdelhafez (hereinafter "Defendant Abdelhafez") has been interchangeably an "Area Manager" or "District Manager" within Defendant PCS LLC.

10.     Defendant Amjad Barakat (hereinafter "Defendant Barakat") has been an "Area Manager" within Defendant PCS LLC.

11.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. **FACTUAL BACKGROUND**

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.     Defendants collectively have operated an enterprise whereby they had dozens of locations throughout Eastern Pennsylvania. These locations are authorized Metro PCS dealers, but are operated by Defendants Ali, Abdelhafez, and Barakat (as partners, high-level management and/or officers).

14.     While the enterprise as a whole sells a high volume of cellular phones, electronics, service(s), and accessories, the enterprise has been pervasively run in an unlawful

3

matter by blanketly paying employees – virtually across the board – in cash and without regard to local, state or federal laws mandating specific compensation or overtime.

15. All 3 Plaintiffs were hired as sales representatives to work for Defendants at 1501 N. 52nd Street, Philadelphia, PA 19131 ("the 1501 location").

16. As sales representatives or sales associates (as they were interchangeably referred), they engaged exclusively in what is commonly referred to as "inside sales." They worked in-store and: (1) discussed products (usually phones) with customers all day; (2) helped them select one for purchase, renewal or service; (3) sold accessories; (4) operated the cash register; and (5) setup phones, service, and other accessories as requested or purchased by customers.

17. All 3 Plaintiffs worked for Defendants worked up to 7 days a week, often 60-80 hours per week, and overall consistently worked overtime (more than 40 hours per week).

18. There was no *per se* store manager at the 1501 location, but an employee named Imtiaz Ali (hereinafter "IA") was in essence the lead sales representative or sales agent at the store. Operations of the store were generally dictated by Defendants Ali, Abdelhafez, and Barakat.

19. Upon information and belief, IA was promised if he worked as a lead sales representative or agent at the 1501 location, he would later be given a contract for ownership. It is Plaintiffs' understanding herein that IA was: (1) never presented with such ownership documents; (2) not paid properly; and (3) is pursuing his own legal claims for fraud by Defendants.

20.     Each Plaintiff was an employee of Defendants, had to follow all policies of Defendants, were directed daily by Defendants, and worked in every respect on a full-time basis as employees in-store for Defendants.

21.     Each Plaintiff was promised $800.00 per week in compensation from Defendants along with a commission schedule. But Defendants have run their locations by in essence exploiting young, enthusiastic people such as Plaintiffs failing to pay them in almost every respect properly.

22.     Defendants **unlawfully**:

   (A) Failed to document or track Plaintiffs' time worked, *as required* by local, state and federal laws;

   (B) Paid Plaintiffs in cash, without following legal requirements of withholdings or other state or federal deductions (or employer contributions);

   (C) Often paid each Plaintiff less than they were promised by way of weekly income and failed to properly remit commissions on a pervasive basis; and

   (D) **Never** paid any Plaintiff overtime compensation for any hour worked over 40 hours per week.

23.     All 3 Plaintiffs worked for Defendants – as the claims relevant int his lawsuit – during the timeframe of the Spring 2018 through December of 2018 (with each working less than a year).

24.     It is common knowledge that inside sales people are not exempt from overtime compensation.[1] And Defendants' failure to contemporaneously document hours worked by their

---

[1] *See* 29 CFR § 541.500 (explaining the only types of sales employees exempt from overtime obligations are those who perform outside sales, such as traveling salesman).

Case 2:19-cv-05282-JS   Document 1   Filed 11/08/19   Page 6 of 12

employees was a violation of many laws, permitting an inference that all recollections of estimated hours worked by Plaintiffs is correct.[2]

25.     Defendants have run their enterprise knowingly in violation of many wage laws in an effort to exploit young, ambitious employees clearly warranting "automatic" liquidated damages.[3]

26.     Defendants are personally liable as to their own individual assets for all claims asserted in this lawsuit because: (1) they oversaw compensation of employees; (2) intentionally perpetuated false and deceitful practices with respect to payroll; and (3) intentionally engaged in all aspects of tax evasion, payroll violations, and overtime impropriety.[4]

---

[2] The failure of an employer to abide by mandatory record-keeping of hours worked by an employee violates 29 U.S.C. § 211(c). As a result, an employer's estimates of hours typically worked may be accepted. *See e.g. Zeng Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412, at \*8 (S.D.N.Y. 2004).

[3] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, **they are considered the norm** and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County*, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

[4] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers and corporate officers exercising control over wages or adverse actions under the FLSA are appropriate defendants under the FLSA and may be individually liable for such violations).

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime & Minimum Wage Violations)**
**- Against All Defendants -**

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Plaintiffs were not paid overtime compensation as legally required, and they worked so many hours that their weekly compensation often fell under minimum wage.

29. These actions as aforesaid constitute violations of the FLSA.

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime & Minimum Wage Violations)**
**- Against All Defendants -**

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiffs were not paid overtime compensation as legally required, and they worked so many hours that their weekly compensation often fell under minimum wage.

32. These actions as aforesaid constitute violations of the PMWA.

**Count III**
**Violations of the Pennsylvania Wage & Collection Law**
**(Against All Defendants)**

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiffs were not fully paid their promised weekly compensation of $800 per week or commissions assured for their sales and services sold.

35. Plaintiffs remain owed substantial sums of money for unpaid wages and commission.

**Count IV**
**Unjust Enrichment / Promissory Estoppel / Detrimental Reliance**
**(Against All Defendants)**

36.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37.     Plaintiffs relied to their detriment on assurances of compensation, inclusive of commission and wages.  They were not paid same and continued to work for Defendants in reliance upon the promises.

38.     It would be unjust for Defendants to retain the benefits of Plaintiffs' work, they should be disgorged of such profits off the backs of Plaintiffs, and Plaintiff's should be made whole based upon their reasonable reliance on pay of commissions and other compensation.

**WHEREFORE,** Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting overtime and wage violations;

B.     Defendants are to compensate Plaintiffs, reimburse Plaintiffs, and make Plaintiffs whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendants' wrongful actions, including but not limited to all owed wages, overtime, and other applicable compensation;

C.     Plaintiffs are to be awarded liquidated or other penalty damages as permitted by applicable law;

D.     Plaintiff is to be accorded other equitable or legal relief as the Court deems just, proper, and appropriate (or as permitted by statute(s));

E.     Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

F.    Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: November 8, 2019

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| Niaz Ali, et al. | CIVIL ACTION |
| v. | |
| Wirelesspcs PA, LLC, d/b/a WPCS PA, LLC, et al. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                                                                 ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.              (X )

| | | |
|---|---|---|
| 11/8/2019 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2910 Passmore Street, Philadelphia, PA 19149; 152 Washington Avenue, Runnemede, NJ 08078

Address of Defendant: 5239 Frankford Avenue, Philadelphia, PA 19124

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/8/2019 _____  ARK2484 / 91538
Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):*
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf _____, counsel of record *or pro se plaintiff*, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 11/8/2019 _____  ARK2484 / 91538
Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| ALI, NIAZ<br>ULLAH, ZEESHAN<br>ALI, WAJID | WIRELESSPCS PA, LLC, D/B/A WPCS PA, LLC, ET AL. |

**(b)** County of Residence of First Listed Plaintiff   <u>Philadelphia</u>

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   <u>Philadelphia</u>

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government<br>Plaintiff | ☒ 3 | Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government<br>Defendant | ☐ 4 | Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*

*(For Diversity Cases Only)*    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>  New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>  3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>  Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>  Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | **LABOR**<br>☒ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Management<br>  Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>  Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>  Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>  Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original<br>Proceeding | ☐ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer | | ☐ 8 Multidistrict<br>Litigation -<br>Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
  UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

11/8/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

[ Print ]    [ Save As... ]    [ Reset ]